UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAUL SIMONDS,

      Plaintiff,

v.

JUDGE CANBY, *et al.*,

      Defendants.

Case No. C06-1383-JCC-JPD

REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se*, recently filed an application to proceed *in forma pauperis* (IFP) in this 42 U.S.C. § 1983 action. Dkt. No. 1. Plaintiff included with his application a one-and-a-half page "Complaint" listing the last names of two Ninth Circuit judges, two Ninth Circuit motion attorneys, and a person who appears to be a deputy clerk. *Id.* Apart from the words "willful misconduct," "abusing contempt power," and "due process," and an indecipherable flurry of isolated references to a host of federal statutes, local rules and Federal Rules of Civil Procedure, the complaint contains no further information regarding plaintiff's claims. *Id.* Nor does it provide a request for relief, apart from the vague desire "[t]o effectuate full and complete justice." *Id.*

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may deny an application to proceed IFP and should dismiss an action if, among other things, it is frivolous or the complaint fails to

REPORT & RECOMMENDATION
PAGE - 1

01 state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii);

02 *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).  An action is frivolous if "it lacks an

03 arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

04       Here, plaintiff fails to allege any facts to place defendants on notice of the nature of his

05 claims, to request any relief, or to otherwise provide any basis for jurisdiction in this Court.

06 *See* Fed. R. Civ. P. 8(a).  The complaint also appears to name as defendants governmental

07 actors who enjoy immunity from suit.  *See, e.g.*, *Imbler v. Pachtman*, 424 U.S. 409, 427

08 (1976); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967).  Because this action appears frivolous

09 and fails to state a claim upon which relief can be granted, it is subject to dismissal under 28

10 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(6).

11       The Court advises plaintiff of his responsibility to research the facts and law before

12 filing an action to determine whether his action is frivolous.  If he files a frivolous action, he

13 may be sanctioned.  *See* Fed. R. Civ. P. 11.  The court would likely impose a sanction of

14 dismissal on any frivolous action.  If plaintiff files numerous frivolous or malicious actions, the

15 court may bar him from proceeding IFP in this court.  *See DeLong v. Hennessey*, 912 F.2d

16 1144, 1146-48 (9th Cir. 1990) (discussing bar order requirements).[1]

17       Accordingly, because of the deficiencies in plaintiff's IFP application and complaint, his

18 request to proceed IFP should be DENIED and this action DISMISSED without prejudice.

19 *See* 28 U.S.C. § 1915(e)(2)(B).  A proposed Order of Dismissal accompanies this Report and

20 Recommendation.  If plaintiff believes that the deficiencies outlined herein can be cured by an

---

[1] The Court notes that plaintiff is a prolific litigator who has filed a half-dozen similar lawsuits in the past two years against various governmental officers and attorneys in this district. *See, e.g.*, *Simonds v. Zilly*, C06-1385-RSL (W.D. Wash. 2006); *Simonds v. Fox* (II), C06-1384-RSM (W.D. Wash. 2006); *Simonds v. Fox* (I), C04-2473-JCC (W.D. Wash. 2005); *Simonds v. Canby* (I), C05-1887-JCC (W.D. Wash. 2005).  Indeed, a strikingly similar action previously filed by plaintiff in this district was dismissed on grounds similar to those recommended by the Court today.  *See Canby* (I), C05-1887-JCC, Dkt. No. 12 (dismissing case for failure to comply with court's order to show cause; court remained "unable to decipher Plaintiff's intent and meaning from his filings").

REPORT & RECOMMENDATION
PAGE - 2

01 amendment to his Complaint, he should lodge an Amended Complaint as a part of his

02 objections, if any, to this Report and Recommendation.

04      DATED this 27th day of September, 2006.

                              *James P. Donohue*
                              _____
                              JAMES P. DONOHUE
                              United States Magistrate Judge

REPORT & RECOMMENDATION
PAGE - 3